IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANDREA JACKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 19-0029-MU |
| | ) |
| ANDREW M. SAUL, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Andrea Jackson brings this action, pursuant to 42 U.S.C. §§ 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("the Commissioner") denying her claim for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"). The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court. (Doc. 25 ("In accordance with the provisions of 28 U.S.C. 636(c) and Fed. R. Civ. P. 73, the parties in this case consent to have a United States Magistrate Judge conduct any and all proceedings in this case, … order the entry of a final judgment, and conduct all post-judgment proceedings.")). *See also* Doc. 27. Upon consideration of the administrative record, Jackson's brief, and the

Commissioner's brief,[1] it is determined that the Commissioner's decision denying benefits should be affirmed.[2]

## I.  PROCEDURAL HISTORY

Jackson applied for a period of disability and DIB, under Title II of the Act, 42 U.S.C. §§ 423-425, on December 19, 2016, alleging disability beginning on November 27, 2016. (Tr. 175-76). Her application was denied at the initial level of administrative review on April 7, 2017 and again on reconsideration on August 3, 2017. (Tr. 107-113). On September 8, 2017, Jackson requested a hearing by an Administrative Law Judge (ALJ). (Tr. 117-19). Jackson appeared at a hearing before the ALJ on April 12, 2018. (Tr. 42-68). The ALJ issued an unfavorable decision finding that Jackson was not under a disability during the applicable time period on August 15, 2018. (Tr. 7-22). Jackson appealed the ALJ's decision to the Appeals Council, and, on November 26, 2018, the Appeals Council denied her request for review of the ALJ's decision, thereby making the ALJ's decision the final decision of the Commissioner. (Tr. 1-5).

After exhausting her administrative remedies, Jackson sought judicial review in this Court, pursuant to 42 U.S.C. §§ 405(g). (Doc. 1). The Commissioner filed an answer and the social security transcript on June 6, 2019 and an amended transcript, which is now the official transcript, on July 9, 2019. (Docs. 12, 13, 17-1). Both parties filed briefs setting forth their respective positions. (Docs. 21, 22).

---

[1] The parties waived oral argument. (Doc. 24).
[2] Any appeal taken from this Order and Judgment shall be made to the Eleventh Circuit Court of Appeals. *See* Doc. 25. ("An appeal from a judgment entered by a Magistrate Judge shall be taken directly to the United States Court of Appeals for the judicial circuit in the same manner as an appeal from any other judgment of this district court.").

## II.  CLAIM ON APPEAL

Plaintiff claims, on appeal, that the ALJ erred in weighing the opinion evidence, by giving great weight to the opinions of two non-examining reviewing physicians who did not have access to the entire record, by mischaracterizing the opinion of the consultative examiner, Dr. Way, and by failing to address the opinions of the VA examining and treating physicians. (Doc. 21).

## III. BACKGROUND FACTS

Jackson was born on December 10, 1978 and was 38 years old at the time she filed her claim for benefits. (Tr. 175). Jackson initially alleged disability, commencing on November 27, 2016, due to asthma, post-traumatic stress disorder (PTSD), obstructive sleep apnea, restless leg syndrome, bilateral pes planus with plantar fasciitis, diabetes mellitus type II, cervical strain, painful abdominal scars, left ankle collateral ligament strain, and lumbosacral strain. (Tr. 191). At the hearing before the ALJ, she testified that the main reason she claims she is unable to do any type of work is because of the medication she takes because it keeps her at a slower pace. (Tr. 50). The date she is last insured is December 31, 2021. (Tr. 187). Jackson completed high school and obtained a college degree in business. (Tr. 49). She worked installing software and reprogramming computers and in the human resources department for the United States Air Force from August of 2000 until November of 2016. (Tr. 49-50, 192). She has also worked at Foot Locker and Walmart. (Tr. 50).  She stopped working because of her conditions on September 21, 2016 and has not worked since then. (Tr. 191). She is currently receiving 100% service-connected disability benefits. (Tr. 51).

## IV. ALJ'S DECISION

After conducting a hearing, the ALJ made a determination that Jackson was not under a disability at any time from November 27, 2016, the alleged onset date, through August 15, 2018, the date of the decision, and thus, was not entitled to benefits. (Tr. 21). In her decision, the ALJ first determined that Jackson has acquired sufficient quarters of coverage to remain insured through December 31, 2021. (Tr. 10, 12). She next began the process of applying the five-step sequential evaluation to Jackson's claim. At step one, the ALJ found that Jackson had not engaged in SGA since the alleged onset date, November 27, 2016. (Tr. 20). Therefore, she proceeded to an evaluation of steps two and three. The ALJ found that Jackson has the following severe impairments: degenerative disc disease, cervical, degenerative joint disease, neuropathy, PTSD, depression, anxiety, obesity, and diabetes, but that she does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. (Tr. 12-15). After considering the entire record, the ALJ concluded that Jackson has the RFC to perform light work, except that she would be allowed to alternate positions once every 30 minutes for 5 minutes while remaining at her workstation and without increasing time off task; can occasionally balance, stoop, and crouch; can never kneel, crawl, climb ramps/stairs, climb ladders/ropes/scaffolds or crawl; can frequently finger, feel, handle, and grasp; can frequently reach but only occasionally reach overhead; will avoid frequent exposure to extreme cold and heat; will avoid frequent exposure to vibration; will avoid all exposure to hazards such as unprotected heights and hazardous machinery; can occasionally push/pull using her upper extremities; can never push/pull using her lower extremities; can perform simple

routine tasks and be provided short simple instructions; can have occasional, casual interaction with the general public and coworkers; will not work at a fixed production rate pace; will be provided a break every 2 hours; and will be off-task 10% of the workday. (Tr. 15-16). After setting forth her RFC, the ALJ determined that Jackson was unable to perform any past relevant work. (Tr. 20). However, considering her age, education, work experience, and RFC, the ALJ concluded that there are jobs that exist in significant numbers in the national economy that Jackson can perform, and therefore, found that Jackson was not disabled within the meaning of the Act during the period at issue, which was November 23, 2016, through the date of the decision, which was August 15, 2018. (Tr. 20-21).

## **V. DISCUSSION**

Eligibility for DIB requires that the claimant be disabled. 42 U.S.C. §§ 423(a)(1)(E). "For DIB claims, a claimant is eligible for benefits where she demonstrates disability on or before the [date last insured]." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). A claimant is disabled if the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A). The impairment must be severe, making the claimant unable to do the claimant's previous work or any other substantial gainful activity that exists in the national economy. 42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1505-11. "Substantial gainful activity means work that … [i]nvolves doing significant and productive physical or mental duties [that] [i]s done (or intended) for pay or profit." 20 C.F.R. § 404.1510.

In all Social Security cases, an ALJ utilizes a five-step sequential evaluation in determining whether the claimant is disabled:

> (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if so, whether the severe impairment meets or equals an impairment in the Listing of Impairment in the regulations; (4) if not, whether the claimant has the RFC to perform her past relevant work; and (5) if not, whether, in light of the claimant's RFC, age, education and work experience, there are other jobs the claimant can perform.

*Watkins v. Comm'r of Soc. Sec.,* 457 F. App'x 868, 870 (11th Cir. 2012) (per curiam) (citing 20 C.F.R. §§ 404.1520(a)(4), (c)-(f), 416.920(a)(4), (c)-(f); *Phillips v. Barnhart,* 357 F.3d 1232, 1237 (11th Cir. 2004)) (footnote omitted). The claimant bears the burden of proving the first four steps, and if the claimant does so, the burden shifts to the Commissioner to prove the fifth step. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999).

If the claimant appeals an unfavorable ALJ decision, the reviewing court must determine whether the Commissioner's decision to deny benefits was "supported by substantial evidence and based on proper legal standards." *Winschel v. Comm'r of Soc. Sec.,* 631 F.3d 1176, 1178 (11th Cir. 2011) (citations omitted); *see* 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel*, 631 F.3d at 1178 (citations omitted). "In determining whether substantial evidence exists, [the reviewing court] must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The reviewing court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." *Id*. When a decision is supported by substantial evidence, the reviewing court must affirm

"[e]ven if [the court] find[s] that the evidence preponderates against the Secretary's decision." *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986).

In her written submission, Jackson asserted that the ALJ erred in making the assessment that she was not disabled because she did not give proper weight to the various physician's statements. (Doc. 21 at pp.4-8). She specifically argues that the ALJ erred in weighing the opinion evidence by giving great weight to the opinions of two non-examining reviewing physicians who did not have access to the entire record, by mischaracterizing the opinion of the consultative examiner, Dr. Way, and by failing to address the opinions of the VA examining and treating physicians. (*Id.*). Therefore, Jackson contends that the decision of the Commissioner should be remanded for further development. (*Id.* at p. 8). The Commissioner, on the other hand, asserts that the ALJ provided valid reasons for her findings, that those findings are supported by the applicable law and by substantial evidence, and that the ALJ's conclusion that Jackson was not disabled was not in error. (Doc. 22 at pp. 5-15).

The basic issue presented by Jackson's argument that the ALJ did not properly weigh or consider the medical evidence is whether the ALJ's assessment of her medical condition in formulating her RFC was based on substantial evidence. "In assessing whether a claimant is disabled, an ALJ must consider the medical opinions in a case record together with the rest of the relevant evidence received." *Chambers v. Comm'r of Soc. Sec.*, 662 F. App'x 869, 870 (11th Cir. 2016) (citing 20 C.F.R. § 404.1527(b)). The ALJ must also consider the claimant's daily activities when evaluating the symptoms and severity of an impairment. *Id*. at 871 (citing 20 C.F.R. § 404.1529(c)(3)(i)). A thorough review of the ALJ's decision reveals that the ALJ in this

case did take into consideration, not only medical opinion evidence, but the totality of the medical evidence, as well as evidence of her daily activities. The ALJ included a thorough discussion of and citation to the medical evidence. (Tr. 17-19). She reviewed the doctors' examination notes, complaints reported to the doctors by Jackson, the findings of objective testing, treatment recommendations, and statements made by the physicians concerning limitations and restrictions. After doing so, the ALJ restricted Jackson to light work with a litany of further restrictions that took into account not only her physical impairments, but her mental ones as well.

1. **Non-examining Physicians:**

The ALJ stated that she reviewed the opinion of Dr. Silvie Ward, a State agency medical consultant, who assessed Jackson with mild to moderate mental limitations after reviewing "the medical evidence of record, including information that was not available to the Veteran's Administration." (Tr. 19, 75-76). After reviewing the medical records and the statements provided by Jackson and her sister, Dr. Ward concluded that Jackson's "mental impairments would not preclude the performance of unskilled work tasks." (Tr. 19, 74-76). Dr. Ronald Collins reviewed Jackson's statement, her sister's statement, and her medical records regarding her physical health and determined that while her "medically determinable impairments could reasonably be expected to produce some of the alleged symptoms," Jackson's allegations regarding the intensity, persistence, and limiting effects of her symptoms were only partially consistent with the medical evidence in the record. (Tr. 77-80). With regard to the RFC determined by Dr. Collins, the ALJ stated:

> Dr. Collins assessed the claimant with a light RFC and indicated that while the claimant's medically determinable impairments could reasonably be expected to produce some of the alleged symptoms, her statement

8

> involving intensity, persistence, and limiting effects of said symptoms are not substantiated by the totality of the medical evidence of record. Dr. Collins also acknowledged … the Veterans Administration disability proposed ratings [but noted] that the Veterans Administration's disability was based on quite different criteria than those for Social Security Disability. Dr. Collins further noted that the Veterans Administration rating was given little weight in determining his RFC, which he based on a preponderance of objective evidence in the file (Exhibit 1A/12).

(Tr. 19).

While acknowledging that these doctors were State agency consultants, the ALJ stated that she gave both of these opinions great weight "because they are consistent with the longitudinal record, although the RFC selected is slightly more limiting than Dr. Collins' due to the combination of severe impairments." (*Id.*).

The relevant social security regulations[3] provide that "medical opinions are statements from acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [their] symptoms, diagnosis and prognosis what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(1). "When weighing each medical opinion, the ALJ must consider whether the doctor has examined the claimant; the doctor's relationship with the claimant; the medical evidence supporting the doctor's opinion; how consistent the doctor's opinion is with the record as a whole; and the doctor's specialization." *Muniz v. Comm'r of Soc. Sec.*, 716 F. App'x 917, 919 (11th Cir. 2017) (citing 20 C.F.R. § 416.927(c); *see also Nichols v. Comm'r, Soc. Sec. Admin.*, No. 16-11334, 2017 WL 526038, at * 5 (11th Cir. Feb. 8, 2017) (citing 20 C.F.R. §§ 404.1527(c), 416.927(c)) (stating that "[i]n determining how much weight to give a

---

[3] Because Jackson filed her claim for social security benefits prior to March 27, 2017, the applicable rules for evaluating medical opinion evidence are set forth in 20 C.F.R. § 404.1527. *See* 20 C.F.R. §§ 404.614, 404.1527.

medical opinion, the ALJ considers such factors as the examining or treating relationship, whether the opinion is well-supported, whether the opinion is consistent with the record, and the doctor's specialization"). Based on its review of the ALJ's decision and the record, the Court finds that the ALJ properly applied the appropriate standard in evaluating the weight to be accorded the medical opinions of Dr. Ward and Dr. Collins as they were consistent with the totality of the evidence.

## 2. Opinion of Dr. Way

Jackson argues that the ALJ erred by mischaracterizing the opinion of the consultative examiner, Dr. James Way, Ph.D., who assessed Jackson's mental impairment. Dr. Way conducted a consultative examination of Jackson on February 15, 2017 and, based upon his review of her history and his examination, he concluded that "she is intellectually capable of completing self-care tasks and basic instrumental activities of daily living independently," she possesses "adequate social interaction skills," "she may experience some social interaction difficulties secondary to being somewhat irritable and hypervigilant," "she appears able to persist and to work at an adequate pace with simple tasks," "she is capable of learning a variety of occupational tasks and of making appropriate adjustments and decisions in an occupational setting," and "she is able to understand the spoken word, to follow the flow of conversation, and to follow simple instructions." (Tr. 2259). With regard to Dr. Way's opinion, the ALJ stated:

> The undersigned considered the opinion of James Way, Ph.D. (Exhibit 9F). Dr. Way assessed the claimant with mild impairment. The undersigned gives no weight to his physical impression as it is not consistent with the objective medical evidence of record. Further, this is not his specialty and his impression is based largely on subjective reports. Great weight given to his psychological impression.

10

(Tr. 19). Jackson argues that the ALJ erred by concluding that Dr. Way assessed her with a mild impairment. Based on its review of Dr. Way's report, the Court does not find this assessment to be in error. Jackson also argues that the ALJ erred by giving great weight to Dr. Way's opinion but not including limitations in the RFC related to her social difficulties, impaired concentration, or memory deficits. The Court finds that this argument is not supported by the facts. The RFC included a limitation to simple routine tasks with short simple instructions, a limitation to only occasional, casual interaction with the general public and coworkers, a limitation that she not work at a fixed production rate pace, and included a provision that she be provided a break every 2 hours and would be off task 10% of the work day. (Tr. 16). These limitations and restrictions clearly relate to her social difficulties, impaired concentration, and memory deficits. Finally, the Court finds that the ALJ did not err by according no weight to Dr. Way's opinions concerning Jackson's physical limitations because Dr. Way is a psychologist, not a specialist in physical impairments, his opinions were not consistent with objective medical evidence, and his impressions were based primarily on subjective reports. *See* 20 C.F.R. § 404.1527.

### 3. Additional VA Records

Jackson argues that the ALJ's decision does not indicate whether and to what extent she considered records from the VA regarding Jackson's mental and physical condition that post-dated the above physicians' opinions. With regard to her physical condition, Jackson argues that the ALJ failed to find the diagnosis of diabetic peripheral neuropathy and lumbosacral spondylosis made by a VA neurologist, Dr. Daniel Potts, who examined Jackson on August 16, 2017, to be severe impairments. This is factually

11

incorrect. The ALJ found "neuropathy" to be a severe impairment, as well as degenerative disc and joint disease. [4] (*See* Tr. 12-13). Jackson also finds error in the ALJ's failure to explain why she rejected the opinion of Dr. Potts.  "Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s)…." 20 C.F.R. § 404.1527(a)(2). None of the information contained in Dr. Potts's report represents a medical opinion about the nature and severity of any impairment; therefore, the ALJ was not required to assign weight to Dr. Potts medical findings. Moreover, the Court notes that nothing contained in Dr. Potts's report was inconsistent with other medical findings or with the ALJ's ultimate finding. *See Colon v. Colvin,* 660 F. App'x 867, 870 (11th Cir. 2016) (holding any error in not stating weight given to doctor's findings and in not mentioning findings of other doctor's was harmless because opinions were consistent with ALJ's findings).

Jackson also contends that the ALJ failed to discuss or acknowledge certain mental health notes made during the course of her treatment at the VA during 2016 and 2017. Jackson points out that the records from the VA medical centers totaled 1,541 pages. (Doc. 21 at p. 6). Obviously, the ALJ could not be expected to include mention of every visit or note in her opinion nor is she required to do so. *See, e.g., Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (noting that "there is no rigid requirement that the ALJ specifically refer to every piece of evidence" in his decision). The ALJ specifically stated that she carefully considered "the entire record" in making her

---

[4] Spondylosis is "age-related change of the bones (vertebrae) and discs of the spine. These changes are often called degenerative disc disease and osteoarthritis." *See* https://www.uofmhealth.org/health-library/abr8401.

12

decision and, after doing so, found that Jackson's PTSD, depression, and anxiety were severe impairments and included limitations due to these impairments in her RFC. (Tr. 12, 15-16). Jackson has not explained how the records she cited in her brief contradict these findings, nor based on the Court's review, do they appear to do so. Accordingly, the Court finds that the ALJ did not err by failing to review each and every record in her Decision, and specifically, did not err in failing to include a specific discussion of the records pointed out by Jackson in her brief. *See, e.g., Cooper v. Comm'r of Soc. Sec.,* 521 F. App'x 803, 808-09 (11th Cir. 2013) (holding that the ALJ did not err by failing to discuss every piece of evidence when the ALJ stated that he considered the record in its entirety).

It is well-established that it is not this Court's place to reweigh the evidence or substitute its judgment for that of the Commissioner. *See Chester*, 792 F.2d at 131. This Court is limited to a determination of whether the ALJ's decision is supported by substantial evidence and based on proper legal standards. Having reviewed the ALJ's decision and the transcript and considered the arguments made by Jackson, the Court finds that the ALJ's determination that Jackson was not disabled during the relevant time period is supported by substantial evidence and based on proper legal standards. The Court finds that the ALJ properly weighed the medical evidence and reached a conclusion based on the totality of the medical evidence, as well as the information provided by Jackson and her sister.

## **CONCLUSION**

Based on the foregoing, it is **ORDERED** that the decision of the Commissioner of

Social Security denying Plaintiff benefits be **AFFIRMED**.

**DONE** and **ORDERED** this the **14th** day of **September, 2020**.

<u>s/P. BRADLEY MURRAY</u>